UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

NORMA O'DAY,

       Plaintiff,                                         Case No. 1:13-CV-452

v.                                                   HON. GORDON J. QUIST

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

**MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff has filed Objections to Magistrate Judge Hugh W. Brenneman's Report and Recommendation (R & R), issued on November 3, 2014, which recommends that the Court affirm the Commissioner's decision denying Plaintiff widow's insurance benefits. Pursuant to 28 U.S.C. § 636(b)(1), this Court is required to review *de novo* those portions of the R&R to which specific objections have been made. The Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. *Id.* After reviewing the R & R, Plaintiff's Objections, Defendant's Response, and the pertinent portions of the administrative record, the Court will overrule Plaintiff's Objections and adopt the R & R as the opinion of the Court.

Plaintiff raises three objections to the R & R. First, Plaintiff argues that the ALJ did not follow the instructions from the Appeals Council when it initially remanded this case. The magistrate judge concluded that this Court lacked authority to review such a claim, explaining that it concerned an internal agency matter that arose prior to the issuance of the agency's final decision. In her objection, Plaintiff does not address that conclusion, but simply reargues the merits of the

claim. Because Plaintiff has not raised a specific objection to the magistrate judge's conclusion that this Court lacks authority to review this claim, it is waived. *See Cowheard v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) ("Generally, the failure to file specific objections to a magistrate's report constitutes a waiver of those objections."). Accordingly, the Court adopts the magistrate judge's conclusion that it lacks authority to review this claim.

Second, Plaintiff argues that the ALJ erred in discrediting her testimony regarding the severity of her impairments. Again, Plaintiff does not specify how the magistrate judge erred in analyzing this issue, but simply repeats the same arguments she made previously. As the magistrate judge explained, the ALJ did not err in relying on evidence of Plaintiff's daily activities to evaluate her credibility. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 532 (6th Cir. 1997) ("An ALJ may also consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments.") Moreover, although Plaintiff argues that the ALJ "hand-picked" portions of Dr. Peck's office notes to support the conclusion regarding Plaintiff's credibility, Plaintiff does not identify how the ALJ did so, instead simply citing the ALJ's entire decision. Accordingly, this objection is overruled.

Finally, Plaintiff argues that the ALJ erred in failing to give controlling weight to the opinion of her primary care physician. The ALJ explained that she rejected the opinion because it was not supported by medical evidence and was inconsistent with other evidence, including the opinion of Plaintiff's rheumatologist. The ALJ did not err in doing so. *See Coldiron v. Comm. of Soc. Sec.*, 391 F. App'x 435, 441 (6th Cir. 2010) ("[A]n ALJ must give a treating physician's opinion controlling weight only if the opinion relies on objective medical findings."); *Wolfe v. Soc. Sec. Admin.*, 39 F. App'x 317, 319 (6th Cir. 2002) ("A specialist's opinion is generally entitled to more weight than a non-specialist.")

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued November 3, 2014 (dkt. #29), is **ADOPTED** as the Opinion of the Court, and the decision of the Commissioner denying benefits to Plaintiff is **AFFIRMED**.

A separate judgment will issue.

This case is **concluded**.


Dated: January 16, 2015              /s/ Gordon J. Quist
                         GORDON J. QUIST
                    UNITED STATES DISTRICT JUDGE